

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

UNITED STATES OF AMERICA

v.

**JOHN E. LOHDEN, JR.** (1-2, 4-9, 11-14)
**DAYTON PETERSON** (6-8, 10-11, 15-17)
**JOSHUA ISAAC LOHDEN** (1-3, 8, 11)
**J. LOUIS NANCE** (1-2)
**SAMANTHA TRUMMER** (15, 17)

THIRD SUPERSEDING INDICTMENT

NO. 3:22-CR-111-DJH
18 U.S.C. § 2
18 U.S.C. § 913
18 U.S.C. § 922(g)(1)
18 U.S.C. § 924(a)(2)
18 U.S.C. § 924(c)(1)(A)
18 U.S.C. § 924(d)
18 U.S.C. § 981(a)(1)(C)
18 U.S.C. § 982(a)(1)
18 U.S.C. § 982(b)(1)
18 U.S.C. § 1201(a)(1)
18 U.S.C. § 1951(a)
18 U.S.C. § 1957
21 U.S.C. § 841(a)(1)
21 U.S.C. § 841(b)(1)(A)
21 U.S.C. § 841(b)(1)(B)
21 U.S.C. § 846
21 U.S.C. § 853
21 U.S.C. § 853(p)
26 U.S.C. § 5841
26 U.S.C. § 5861(d)
26 U.S.C. § 5871
28 U.S.C. § 2461

The Grand Jury charges:

## COUNT 1
*(Kidnapping)*

On or about July 20, 2021, in the Western District of Kentucky, Jefferson County, Kentucky, the defendants, **JOHN E. LOHDEN, JR., JOSHUA ISAAC LOHDEN**, and **J. LOUIS NANCE**, aided and abetted by each other and others known and unknown to the Grand Jury, did unlawfully and willfully seize, confine, inveigle, kidnap, abduct, carry away, and hold Adult Victim 1 for currency, and, in committing and in furtherance of the commission of the

offense, used a cellular phone, a means, facility, and instrumentality of interstate or foreign commerce.

In violation of Title 18, United States Code, Sections 1201(a)(1) and 2.

The Grand Jury further charges:

## COUNT 2
*(Impersonator Making Arrest or Search)*

On or about July 20, 2021, in the Western District of Kentucky, Jefferson County, Kentucky, the defendants, **JOHN E. LOHDEN, JR., JOSHUA ISAAC LOHDEN**, and **J. LOUIS NANCE**, aided and abetted by each other and others known and unknown to the Grand Jury, did falsely assume and pretend to be an officer and employee of the United States acting under the authority thereof, that is a Deputy of the United States Marshals Service, and in such assumed and pretended character did act as such, in that **JOHN E. LOHDEN, JR., JOSHUA ISAAC LOHDEN**, and **J. LOUIS NANCE**, aided and abetted by each other and others known and unknown to the Grand Jury, falsely wore insignia of the United States Marshals Service, and detained Adult Victim 1 and searched the property of Adult Victim 1.

In violation of Title 18, United States Code, Sections 913 and 2.

The Grand Jury further charges:

## COUNT 3
*(Possession of a Firearm in Furtherance of a Drug Trafficking Crime)*

On or about July 21, 2021, in the Western District of Kentucky, Bullitt County, Kentucky, the defendant, **JOSHUA ISAAC LOHDEN**, did knowingly possess a firearm, that is, a Ruger,

2

Model 57, 5.7 x 28 millimeter caliber pistol, bearing serial number 641-59223, in furtherance of a drug trafficking crime for which he may be prosecuted in a court of the United States.

In violation of Title 18, United States Code, Section 924(c)(1)(A).

The Grand Jury further charges:

## COUNT 4
*(Possession of a Firearm by a Prohibited Person)*

On or about January 7, 2022, in the Western District of Kentucky, Jefferson County, Kentucky, the defendant, **JOHN E. LOHDEN, JR.**, knowingly possessed, in and affecting commerce, a firearm, that is a Colt, Model M4, 5.56 millimeter rifle, bearing serial LE390413; a Smith & Wesson, Model M&P 15, 5.56 millimeter rifle, bearing serial number TJ58368; and a Remington, Model 870, 12 gauge shotgun, bearing serial number RS34999N, with knowledge that he had previously been convicted in a court of a crime punishable by imprisonment for a term exceeding one year, to wit:

> On or about November 16, 2021, in Jefferson County Circuit Court, Jefferson County, Kentucky, in Case Number 21-CR-1246, **JOHN E. LOHDEN, JR.**, was convicted of Receiving Stolen Property Under $10,000, a felony; and

> On or about November 28, 2007, in Jefferson County Circuit Court, Jefferson County, Kentucky, in Case Number 07-CR-1740, **JOHN E. LOHDEN, JR.**, was convicted of Tampering with Physical Evidence; Escape in the Second Degree; and Complicity to Wanton Endangerment in the First Degree (3 Counts), each a felony.

In violation of Title 18, United States Code, Sections 922(g)(1), and 924(a)(2).

The Grand Jury further charges:

## COUNT 5
*(Possession of an Unregistered Firearm)*

On or about January 7, 2022, in the Western District of Kentucky, Jefferson County, Kentucky, the defendant, **JOHN E. LOHDEN, JR.**, knowingly received and possessed a firearm, to wit: an Anderson Manufacturing, Model AM-15, 5.56 caliber short barrel rifle, bearing serial number 15039263, with a barrel measuring less than 16 inches, not registered to him in the National Firearms Registration and Transfer Record.

In violation of Title 26, United States Code, Sections 5841, 5861(d), and 5871.

The Grand Jury further charges:

## COUNT 6
*(Kidnapping)*

On or about August 16, 2022, in the Western District of Kentucky, Jefferson County, Kentucky, the defendants, **JOHN E. LOHDEN, JR.**, and **DAYTON PETERSON**, aided and abetted by each other and others known and unknown to the Grand Jury, did unlawfully and willfully seize, confine, inveigle, kidnap, abduct, carry away, and hold Adult Victim 2, Adult Victim 3, and minor children, for firearms, jewelry, currency, and narcotics, and, in committing and in furtherance of the commission of the offense, used a cellular phone, a means, facility, and instrumentality of interstate or foreign commerce.

In violation of Title 18, United States Code, Sections 1201(a)(1) and 2.

The Grand Jury further charges:

## COUNT 7
*(Impersonator Making Arrest or Search)*

On or about August 16, 2022, in the Western District of Kentucky, Jefferson County, Kentucky, the defendants, **JOHN E. LOHDEN, JR.**, and **DAYTON PETERSON**, aided and abetted by each other and others known and unknown to the Grand Jury, did falsely assume and pretend to be an officer and employee of the United States acting under the authority thereof, that is a Special Agent of the Bureau of Alcohol, Tobacco, Firearms and Explosives (ATF), and in such assumed and pretended character did act as such, in that **JOHN E. LOHDEN, JR.**, and **DAYTON PETERSON**, and aided and abetted by each other and others known and unknown to the grand jury, falsely wore insignia of the Bureau of Alcohol, Tobacco, Firearms and Explosives (ATF) and presented a fabricated search warrant bearing a cover sheet from the federal Administrative Office of the Courts, and detained Adult Victim 2, Adult Victim 3, and minor children, and searched the property of Adult Victim 2, and Adult Victim 3.

In violation of Title 18, United States Code, Sections 913 and 2.

The Grand Jury further charges:

## COUNT 8
*(Robbery)*

On or about August 16, 2022, in the Western District of Kentucky, Jefferson County, Kentucky, the defendants, **JOHN E. LOHDEN, JR.**, **DAYTON PETERSON**, and **JOSHUA ISAAC LOHDEN**, and others known and unknown to the Grand Jury, aided and abetted by each other, did unlawfully obstruct, delay, and affect, and attempt to obstruct, delay, and affect commerce as that term is defined in Title 18, United States Code, Section 1951(b)(3), and the

5

movement of articles and commodities in such commerce, by robbery, as that term is defined in Title 18, United States Code, Section 1951(b)(1), in that the defendants, **JOHN E. LOHDEN, JR., DAYTON PETERSON**, and **JOSHUA ISAAC LOHDEN**, along with others, aided and abetted by each other, did knowingly take property, including United States currency and controlled substances, belonging to Adult Victim 2, against his will by means of actual and threatened force, violence, and fear of immediate injury to his person.

In violation of Title 18, United States Code, Sections 1951(a) and 2.

The Grand Jury further charges:

## COUNT 9
*(Brandishing a Firearm During and in Relation to a Crime of Violence)*

On or about August 16, 2022, in the Western District of Kentucky, Jefferson County, Kentucky, the defendant, **JOHN E. LOHDEN, JR.**, did knowingly brandish, carry, and use a firearm during and in relation to a crime of violence for which he may be prosecuted in the United States, that is, robbery.

In violation of Title 18, United States Code, Section 924(c)(1)(A)(ii).

The Grand Jury further charges:

## COUNT 10
*(Brandishing a Firearm During and in Relation to a Crime of Violence)*

On or about August 16, 2022, in the Western District of Kentucky, Jefferson County, Kentucky, the defendant, **DAYTON PETERSON**, did knowingly brandish, carry, and use a firearm during and in relation to a crime of violence for which he may be prosecuted in the United States, that is, robbery.

In violation of Title 18, United States Code, Section 924(c)(1)(A)(ii).

The Grand Jury further charges:

## COUNT 11
*(Conspiracy to Possess with Intent to Distribute Controlled Substances)*

Beginning on or about August 16, 2022, and continuing up to and through to on or about October 26, 2022, in the Western District of Kentucky, Jefferson County, Kentucky, and elsewhere, the defendants, **JOHN E. LOHDEN, JR.**, **DAYTON PETERSON**, and **JOSHUA ISAAC LOHDEN**, knowingly and intentionally conspired with each other and others, known and unknown to the Grand Jury, to possess with intent to distribute controlled substances, to include five kilograms or more of a mixture or substance containing a detectable amount of cocaine, a Schedule II controlled substance as defined in Title 21, United States Code, Section 812, and one kilogram or more of a mixture or substance containing a detectable amount of heroin, a Schedule I controlled substance as defined in Title 21, United States Code, Section 812.

In violation of Title 21, United States Code, Sections 846 and 841(a)(1), and (b)(1)(A).

The Grand Jury further charges:

## COUNT 12
*(Possession with Intent to Distribute Controlled Substances)*

On or about August 18, 2022, in the Western District of Kentucky, Jefferson County, Kentucky, and elsewhere, the defendant, **JOHN E. LOHDEN, JR.**, knowingly and intentionally possessed with the intent to distribute controlled substances, to include five kilograms or more of a mixture or substance containing a detectable amount of cocaine, a Schedule II controlled substance as defined in Title 21, United States Code, Section 812, and one kilogram or more of a

mixture or substance containing a detectable amount of heroin, a Schedule I controlled substance as defined in Title 21, United States Code, Section 812.

In violation of Title 21, United States Code, Sections 841(a)(1), and (b)(1)(A).

The Grand Jury further charges:

## COUNT 13
*(Possession of a Firearm in Furtherance of a Drug Trafficking Crime)*

On or about August 18, 2022, in the Western District of Kentucky, Jefferson County, Kentucky, the defendant, **JOHN E. LOHDEN, JR.**, in furtherance of a drug trafficking crime, knowingly possessed a firearm, to wit, an Anderson Manufacturing, model AM-15, multicaliber rifle, bearing serial number 21340905.

In violation of Title 18, United States Code, Section 924(c)(1)(A).

The Grand Jury further charges:

## COUNT 14
*(Possession of Unregistered Firearm)*

On or about August 18, 2022, in the Western District of Kentucky, Jefferson County, Kentucky, the defendant, **JOHN E. LOHDEN, JR.**, knowingly received and possessed a firearm, to wit: a Stun ball grenade, which is a destructive device as defined pursuant to Title 26, United States Code, Sections 5845(a)(8), and (f)(1)(B), not registered to him in the National Firearms Registration and Transfer Record.

In violation of Title 26, United States Code, Sections 5841, 5861(d), and 5871.

The Grand Jury further charges:

## COUNT 15
*(Possession with Intent to Distribute Controlled Substances)*

On or about October 26, 2022, in the Western District of Kentucky, Jefferson County, Kentucky, and elsewhere, the defendants, **DAYTON PETERSON** and **SAMANTHA TRUMMER**, aided and abetted by each other and others, knowingly and intentionally possessed with the intent to distribute controlled substances, to include 500 grams or more of a mixture or substance containing a detectable amount of cocaine, a Schedule II controlled substances as defined in Title 21, United States Code, Section 812, and 100 grams or more of a mixture or substance containing a detectable amount of heroin, a Schedule I controlled substance as defined in Title 21, United States Code, Section 812.

In violation of Title 21, United States Code, Sections 841(a)(1), and (b)(1)(B), and Title 18, United States Code, Section 2.

The Grand Jury further charges:

## COUNT 16
*(Possession of a Firearm in Furtherance of a Drug Trafficking Crime)*

Beginning on or about October 18, 2022, and continuing to on or about October 26, 2022, in the Western District of Kentucky, Jefferson County, Kentucky, the defendant, **DAYTON PETERSON**, in furtherance of a drug trafficking crime, possessed a firearm, to wit, a Romarm/Cugir, model mini Draco, 762 caliber pistol, bearing serial number 22PG-1157.

In violation of Title 18, United States Code, Section 924(c)(1)(A).

The Grand Jury further charges:

## COUNT 17
*(Engaging in Monetary Transactions Derived From Specified Unlawful Activity)*

On or about August 19, 2022, in the Western District of Kentucky, Jefferson County, Kentucky, the defendants, **DAYTON PETERSON** and **SAMANTHA TRUMMER**, did knowingly engage in a monetary transaction in criminally derived property of a value greater than $10,000, and which in fact was derived from specified unlawful activity, namely, the defendants paid the sum of $27,000 in currency to Individual 1, for the purchase of a mobile home located at 8219 Minor Lane Lot #146, Louisville, Kentucky 40219, which funds in fact were derived from the robbery described in Count 8 of this Third Superseding Indictment.

In violation of Title 18, United States Code, Section 1957.

## NOTICE OF FORFEITURE

As a result of committing an offense in violation of Title 18, United States Code, Section 1201(a)(1), as specifically charged in Counts 1 and 6 of this Third Superseding Indictment, the defendants, **JOHN E. LOHDEN, JR., JOSHUA ISAAC LOHDEN, J. LOUIS NANCE,** and **DAYTON PETERSON**, shall forfeit to the United States any and all property constituting, or derived from, proceeds defendants obtained, directly or indirectly, as a result of this offense, pursuant to Title 18, United States Code, Section 981(a)(1)(C) and Title 28, United States Code, Section 2461.

As a result of committing offenses in violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1) and 846, as specifically charged in Counts 11, 12, and 15 of this Third Superseding Indictment, felonies punishable by imprisonment for more than one year, the defendants, **JOHN E. LOHDEN, JR.,** and **DAYTON PETERSON**, shall forfeit to the United

States, pursuant to Title 21, United States Code, Section 853, any property constituting, or derived from, proceeds obtained, directly or indirectly, as a result of said violations and any property used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of the said violations (including but not limited to all firearms and ammunition).

As a result of committing offenses in violation of Title 18, United States Code, Sections 922(g)(1), 924(a)(2), 924(a)(8) and 924(c)(1)(A), as specifically charged in Counts 3, 4, 9, 10, 13, and 16 of this Third Superseding Indictment, the defendants, **JOHN E. LOHDEN, JR.**, **DAYTON PETERSON**, and **JOSHUA ISAAC LOHDEN**, shall forfeit to the United States, pursuant to Title 18, United States Code, Section 924(d), and Title 28, United States Code, Section 2461, all firearms, magazines, and ammunition involved in the commission of said offenses.

Additionally, upon a conviction of a violation of Title 18, United States Code, Section 1957, as specifically charged in Count 17 of this Third Superseding Indictment, the defendants, **DAYTON PETERSON** and **SAMANTHA TRUMMER**, shall forfeit to the United States, pursuant to Title 18, United States Code, Section 982(a)(1), any property, real or personal, involved in such offense, and any property traceable to such property. The property to be forfeited includes, but is not limited to, the following: a mobile home located at 8219 Minor Lane Lot #146, Louisville, Kentucky 40219.

In addition to the property that has been listed above, the property subject to forfeiture in this notice includes but is not limited to: a Ruger, Model 57, 5.7 x 28 millimeter caliber pistol, bearing serial number 641-59223; a Colt, Model MK IV/ SERIES 80, .380 caliber pistol, bearing serial number RC52260; a Romarm/Cugir, model mini Draco, 762 caliber pistol, bearing serial number 22PG-1157; an Anderson Manufacturing, model AM-15, multicaliber rifle, bearing serial number 21340905; a Glock magazine with 9mm; Extended magazine with .45 auto; a Draco

magazine containing 7.62 x 39 rounds plus one in chamber; boxes of ammunition; a Semi-auto Fobus brand holster; a Glock magazine containing .45 cal. Rounds; Two (2) semi-auto pistol holders; Magazine containing .45 cal. rounds, plus one in chamber; Magazine containing live rounds, plus one loaded in chamber; Black magazine containing 7.62 x 39 rounds; Ammunition and magazines from Smith & Wesson M+P JKZ1749; Glock 35 YSK930; a Romarm/Cugir 7.62 x 39 mini Draco, serial # ROA22PG-1157; Glock 21, .45, serial # UWS025; a Pink Glock 43X, serial # BXBD388; a Smoke colored iPhone; a Black Samsung phone, IMEI 351347074440587; a Smoke colored iPhone with pink case; Miscellaneous Ammunition; $1,410.00 in U.S. Currency; $8,000.00 in U.S. Currency; $1,028.00 in U.S. Currency; $12,485.00 in U.S. Currency; a Gold Diamond Ring; a 2-toned Gold Chain with diamonds; a Gold Diamond Ring; a Cartier diamond watch Serial Number: 143311AX; a Gold and Diamond necklace; a Gold and Diamond snake ring; Assortment of jewelry; a Gold and Diamond Bracelet; a Black and Gold watch; an Audemars Piquet Watch Serial Number: G29463; a Rolex Watch w/ diamonds; and a Gold and Diamond Bracelet; Silver and Gold Rolex watch; Gold Ring; Cherub gold and diamond chain; Gold and diamond ring; Gold Rolex watch; Gold and Diamond Bracelet; Diamond and gold necklace; Silver and diamond "502" chain; Gold and diamond necklace; Diamond cross necklace; Diamond cross necklace; Rose gold diamond ring; Gold and diamond ring; assortment of diamond pendants; Ring with diamonds; Silver ring; Gold Ring; Gold bracelet/cuff; Gold bracelet; Gold necklace; gold necklace; Silver and diamond bracelet; and Gold Rolex Watch.

    If any of the property described above, as a result of any act or omission of the defendants:

    a.    cannot be located upon the exercise of due diligence;

    b.    has been transferred or sold to, or deposited with, a third party;

    c.    has been placed beyond the jurisdiction of the court;

d. has been substantially diminished in value; or

e. has been commingled with other property which cannot be divided without difficulty;

the United States of America shall be entitled to forfeiture of substitute property pursuant to Title 21, United States Code, Section 853(p), as incorporated by Title 18, United States Code, Section 982(b)(1) and Title 28, United States Code, Section 2461(c).

A TRUE BILL.

[Redacted]

_____
MICHAEL A. BENNETT
UNITED STATES ATTORNEY

MAB:FED:APG.03.05.2024

UNITED STATES OF AMERICA v. **JOHN E. LOHDEN, JR., ET AL.**

## PENALTIES

| | |
|---|---|
| Counts 1 & 6: | NM Life/$250,000/both/NM 5yrs. Supervised Release (each count) |
| Counts 2 & 7: | NM 3 yrs./$250,000/both/NM 1 yr. Supervised Release (each count) |
| Counts 3, 13 & 16: | NL 5 years consecutive/$250,000/both/NM 5 yrs. Supervised Release (each count) |
| Count 4: | NM 10 yrs./$250,000/both/NM 3 yrs. Supervised Release |
| Counts 5 & 14: | NM 10 yrs./NM $10,000/both/NM 3 yrs. Supervised Release (each count) |
| Count 8: | NM 20 yrs./$250,000/both/NM 3 yrs. Supervised Release |
| Counts 9 & 10: | NL 7 years consecutive/$250,000/both/NM 5 yrs. Supervised Release (each count) |
| Count 11: | NL 10 yrs./NM life/$10,000,000/both/NL 5yrs. Supervised Release (all substances) |
| Count 12: | NL 10 yrs./NM life/$10,000,000/both/NL 5yrs. Supervised Release (all substances) |
| Count 15: | NL 5 yrs./NM 40 yrs./$5,000,000/both/NL 4yrs. Supervised Release (all substances) |
| Count 17: | NM 10 yrs./$500,000/both/NM 3 yrs. Supervised Release |
| Forfeiture | |

## N O T I C E

### ANY PERSON CONVICTED OF AN OFFENSE AGAINST THE UNITED STATES SHALL BE SUBJECT TO SPECIAL ASSESSMENTS, FINES, RESTITUTION & COSTS.

SPECIAL ASSESSMENTS

18 U.S.C. § 3013 requires that a special assessment shall be imposed for each count of a conviction of offenses committed after November 11, 1984, as follows:

| | | | |
|---|---|---|---|
| Misdemeanor: | $ 25 per count/individual | Felony: | $100 per count/individual |
| | $125 per count/other | | $400 per count/other |

FINES

In addition to any of the above assessments, you may also be sentenced to pay a fine. Such fine is due <u>immediately</u> unless the court issues an order requiring payment by a date certain or sets out an installment schedule. You shall provide the United States Attorney's Office with a current mailing address for the entire period that any part of the fine remains unpaid, or you may be held in contempt of court. 18 U.S.C. § 3571, 3572, 3611, 3612

**Failure to pay fine as ordered may subject you to the following:**

1. **INTEREST** and **PENALTIES** as applicable by law according to last date of offense.

    For offenses occurring after December 12, 1987:

    No **INTEREST** will accrue on fines under $2,500.00.

    **INTEREST** will accrue according to the Federal Civil Post-Judgment Interest Rate in effect at the time of sentencing. This rate changes monthly. Interest accrues from the first business day following the two week period after the date a fine is imposed.

    **PENALTIES** of:

    10% of fine balance if payment more than 30 days late.

    15% of fine balance if payment more than 90 days late.

2. Recordation of a **LIEN** shall have the same force and effect as a tax lien.

3. Continuous **GARNISHMENT** may apply until your fine is paid.

18 U.S.C. §§ 3612, 3613

    If you **WILLFULLY** refuse to pay your fine, you shall be subject to an **ADDITIONAL FINE** of not more than the greater of $10,000 or twice the unpaid balance of the fine; or **IMPRISONMENT** for not more than 1 year or both. 18 U.S.C. § 3615

RESTITUTION

If you are convicted of an offense under Title 18, U.S.C., or under certain air piracy offenses, you may also be ordered to make restitution to any victim of the offense, in addition to, or in lieu of any other penalty authorized by law. 18 U.S.C. § 3663

APPEAL

If you appeal your conviction and the sentence to pay your fine is stayed pending appeal, the court shall require:

1. That you deposit the entire fine amount (or the amount due under an installment schedule during the time of your appeal) in an escrow account with the U.S. District Court Clerk, or

2. Give bond for payment thereof.

18 U.S.C. § 3572(g)

PAYMENTS

If you are ordered to make payments to the U.S. District Court Clerk's Office, certified checks or money orders should be made payable to the Clerk, U.S. District Court and delivered to the appropriate division office listed below:

LOUISVILLE:   Clerk, U.S. District Court
              106 Gene Snyder U.S. Courthouse
              601 West Broadway
              Louisville, KY 40202
              502/625-3500

BOWLING GREEN: Clerk, U.S. District Court
              120 Federal Building
              241 East Main Street
              Bowling Green, KY 42101
              270/393-2500

OWENSBORO:    Clerk, U.S. District Court
              126 Federal Building
              423 Frederica
              Owensboro, KY 42301
              270/689-4400

PADUCAH:      Clerk, U.S. District Court
              127 Federal Building
              501 Broadway
              Paducah, KY 42001
              270/415-6400

If the court finds that you have the present ability to pay, an order may direct imprisonment until payment is made.